UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MICHAEL MURR, ) | NO. EDCV 04-1380-TJH (MAN) |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS, |
| ) | |
| v. ) | CONCLUSIONS, AND RECOMMENDATIONS OF |
| ) | |
| JOHN MARSHALL, Warden, ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Respondent. ) | |
| ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all of the records herein, the Report and Recommendation of United States Magistrate Judge, Respondent's Objections ("Objections"), and Petitioner's Response to Respondent's Objections. The Court has conducted a *de novo* review of those matters to which objections have been made.

Respondent argues that, to the extent the Magistrate Judge's conclusion that the Governor's decision is not supported by "some evidence" rests on the absence of a nexus between Petitioner's commitment offense and his current dangerousness, the Magistrate Judge

1  is applying state law rather than clearly established federal law.  (*See*
2  Objections at 4-8).  The Court rejects this argument.  The Magistrate
3  Judge applied the "some evidence" standard set forth by the Supreme
4  Court in Superintendent v. Hill, 472 U.S. 445, 105 S. Ct. 2768 (1985),
5  which constitutes the clearly established federal law in this area.
6  Pursuant to Irons v. Carey, 505 F.3d 846, 851 (9th Cir. 2007), the Court
7  "must look to California law to determine the findings that are
8  necessary to deem a prisoner unsuitable for parole, and then must review
9  the record in order to determine whether the state court decision ...
10 constituted an unreasonable application of the 'some evidence' principle
11 articulated in Hill."  In In re Lawrence, 44 Cal. 4th 1181, 1210, 82
12 Cal. Rptr. 3d 169, 189 (2008), the California Supreme Court clarified
13 that California law requires a rational nexus between factors indicating
14 unsuitability and the determination of current dangerousness.  Thus, a
15 federal court's application of the Hill "some evidence" standard is
16 informed by the California Supreme Court's explication in Lawrence of
17 what evidence is necessary under California law to support the Board's
18 or the Governor's decision that an inmate is unsuitable for parole.
19
20     Moreover, in Lawrence, the California Supreme Court made clear that
21 it was merely clarifying existing California law.  *See* In re Lawrence,
22 44 Cal. 4th at 1227, 82 Cal. Rptr. 3d at 203 ("The relevant
23 determination by the Board and the Governor is, and always has been, an
24 individualized assessment of the continuing danger and risk to public
25 safety posed by the inmate.").  Thus, it is irrelevant that Lawrence was
26 handed down after the Governor issued his decision regarding
27 Petitioner's suitability for parole, and after the state court applied
28 the "some evidence" standard to the Governor's decision.

Respondent contends that, even if Petitioner is entitled to habeas relief, the proper relief is a new review by the Governor comporting with due process. (Objections at 9-10.) Respondent cites the Ninth Circuit's recent decision in <u>Chioino v. Kernan</u>, 581 F.3d 1182, 1186 (9th Cir. 2009), in which the Ninth Circuit held that the proper remedy for Sixth Amendment error under <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856 (2007), is remand to the state trial court for re-sentencing. However, unlike a state trial court's sentencing authority under California's new discretionary sentencing scheme, the Governor's authority with respect to parole decisions is limited. The Governor may only review the evidence that was before the Board of Parole Hearings ("Board") at the time it rendered its decision and must base his decision on that evidence. Cal. Const. art. V, § 8 (b); *see also* Cal. Penal Code § 3041.2. Thus, when a court has concluded that the record does not contain "some evidence" to support the Governor's determination that an inmate is unsuitable for parole, a remand to the Governor would not serve any purpose, and the proper disposition is to reinstate the Board's decision and, if the release date set by the Board has passed, to order the inmate's release. *See* <u>In re Dannenberg</u>, 173 Cal. App. 4th 237, 256-57, 92 Cal. Rptr. 3d 647, 661-62 (2009); <u>In re Vasquez</u>, 170 Cal. App. 4th 370, 386, 87 Cal. Rptr. 3d 853, 863-64 (2009).

Respondent further argues that reinstatement of the Board's August 27, 2003 decision is an improper remedy in this case, because the Board subsequently found Petitioner unsuitable for parole at five consecutive parole hearings. (Objections at 11.) Respondent neither mentions the basis for these findings nor indicates whether they rested on new evidence. As set forth above, the Governor cannot consider evidence

1  that was not before the Board in connection with the decision that he
2  is reviewing, *i.e.*, the August 27, 2003 decision.  If new evidence
3  supports a conclusion that Petitioner poses a current danger to society
4  and is unsuitable for parole, nothing in this Court's order reinstating
5  the Board's August 23, 2003 decision precludes the Board from invoking
6  its power to rescind Petitioner's parole based on events occurring
7  subsequent to its decision.  *See* Cal. Penal Code §§ 3041.5, 3041.7; Cal.
8  Code Regs., tit. 15, § 2450.

10     Having completed its review, the Court accepts and adopts the
11 Magistrate Judge's Report and Recommendation and the findings of fact,
12 conclusions of law, and recommendations therein.

14     IT IS ORDERED that the Petition is DENIED based on Grounds One,
15 Four, and Six and is GRANTED based on Grounds Two, Three, and Five.  A
16 writ of habeas corpus shall issue as follows:  The Board's August 27,
17 2003 decision finding Petitioner suitable for parole is reinstated.
18 Within thirty (30) days, the Board shall calculate a parole release date
19 for Petitioner in accordance with California law.  If the release date
20 has passed, Respondent shall, within ten (10) days after the parole
21 release date is calculated, either release Petitioner from custody, if
22 the release date lapsed more than three years earlier, or release
23 Petitioner on parole, subject to the conditions of parole imposed at his
24 August 27, 2003 hearing, for that period of his three-year parole term
25 that remains if the release date lapsed less than three years earlier.
26 ///
27 ///
28 ///

4

1    IT IS FURTHER ORDERED that the Clerk shall serve copies of this
2 Order and the Judgment herein on counsel for Petitioner and counsel for
3 Respondent.
4
5    LET JUDGMENT BE ENTERED ACCORDINGLY.
6
7 DATED: <u>November 25, 2009</u>.
8                                          _____
                                                   TERRY J. HATTER, JR.
9                                            UNITED STATES DISTRICT JUDGE

5